MICHAEL SPILGER, ESQ. – SBN #72775
MARK ALLEN WILSON, ESQ. – SBN #246765
LAW OFFICES OF MICHAEL SPILGER
The Onyx Business Center
852 Fifth Avenue
San Diego, California 92101
Telephone: (619) 232-7761
Telecopier: (619) 232-7313

Attorneys for Plaintiff,

VICTORIA S. LEGASPI

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT

| | |
|---|---|
| VICTORIA S. LEGASPI,<br><br>Plaintiff,<br><br>v.<br><br>NATIONSTAR MORTGAGE; SAGE POINT LENDER SERVICES; and DOES 1 to 20, Inclusive,<br><br>Defendants. | Case No. 13-CV-2758 JLS (DHB)<br><br>JUDGE: The Honorable Janis L. Sammartino<br>CTRM: 4A<br><br>PLAINTIFF VICTORIA S. LEGASPI'S RESPONSE TO DEFENDANT NATIONSTAR MORTGAGE LLC'S OPPOSITION TO PLAINTIFF'S REQUEST FOR FOR A PRELIMINARY INJUNCTION; DECLARATION OF MARK ALLEN WILSON IN SUPPORT THEREOF<br><br>DATE: February 11, 2014<br>TIME: 3:30 p.m.<br>CTRM: 4A<br><br>Action Filed: November 7, 2013<br>Action Removed: November 18, 2013 |

///////

//////

//////

//////

//////

//////

**MEMORANDUM OF POINTS AND AUTHORITIES**

**(I) INTRODUCTION**

There is an "emergency" here. Defendant NATIONSTAR MORTGAGE LLC's (hereafter "NATIONSTAR") contention that Plaintiff's ex-husband, Tony Carino Legaspi (hereafter "Mr. Legaspi") has been a "major obstacle" to this settlement agreement is disingenuous (*See* Opposition of Defendant Nationstar, Dkt. 13, lines 9-11). Plaintiff's counsel corrected this issue over a month ago by drafting a new draft settlement agreement including Mr. Legaspi as an interested third party to the agreement, a term for mutual release of liability by all parties to the agreement, *and* Mr. Legaspi's signature (*See* Declaration of Mark Allen Wilson (hereafter "Wilson Decl."), ¶4.) NATIONSTAR makes no mention of Plaintiff's counsel's new draft settlement agreement directly addressing their concerns about Mr. Legaspi over a month ago, nor has NATIONSTAR informed Plaintiff's counsel since then that Mr. Legaspi was still an impediment to an agreement (*See* Wilson Decl., ¶7.).

Plaintiff did not "race into Court with an *ex parte* Application," as NATIONSTAR alleges, but has patiently waited well over a month *since redrafting the settlement agreement to include Mr. Legaspi* for NATIONSTAR to return either a signed agreement or suggestions for corrections. During this time, Plaintiff endured sweating out a trustee sale date scheduled for January 2, 2014 and was two court days from a new trustee sale set for February 3, 2014, before deciding to file her ex parte application. NATIONSTAR continues to schedule monthly trustee sales despite the Complaint alleging Plaintiff's complete loan modification application and a Homeowner's Bill of Rights cause of action under California Civil Code §2924.18, which prohibits "dual tracking" of completed 1st lien loan modification application and trustee sales.

Plaintiff is likely to prevail on the merit of her claims and will suffer irreparable harm in the absence of preliminary relief. NATIONSTAR makes no showing that Plaintiff will not

prevail on the merits, and its' own judicially-noticed document proves that the Homeowner's Bill of Rights applies to Plaintiff's case.

## (II) <u>DISCUSSION</u>

### A. <u>Legal Standard</u>

To satisfy the legal standard for granting a preliminary injunction, a plaintiff must show that: "[(1)] that he is likely to succeed on the merits, [(2)] that he is likely to suffer irreparable harm in the absence of preliminary relief, [(3)] that the balance of equities tips in his favor, and [(4)] that an injunction is in the public interest." *Am. Trucking Assns. v. City of Los Angeles*, 559 F.3d 1046, 1052 (9th Cir. 2009). Because a preliminary injunction can be granted in the early stages of litigation, "the factual record under consideration at the preliminary injunction stage may differ materially from the fully developed factual record." *Marlyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co.*, 571 F.3d 873, 876-77 (9th Cir. 2009). The purpose of a preliminary injunction is to "preserve[s] the status quo pending at least some discovery and further hearing on the merits." *Alliance for The Wild Rockies v. Cottrell*, 632 F.3d 1127, 1134 (9th Cir. 2011).

In the evaluation of a motion for preliminary injunction "a court employs a sliding scale when considering a plaintiff's showing as to the likelihood of success on the merits and the likelihood of irreparable harm." *Sun Earth, Inc. v. Sun Earth Solar Power Co.*, 2012 U.S. Dist. LEXIS 13506, *15-16 (N.D. Cal. Feb. 3, 2012). According to the sliding scale approach, "the elements of the preliminary injunction test are balanced, so that a stronger showing of one element may offset a weaker showing of another." *Alliance for the Wild Rockies*, 632 F.3d at 1131 (9th Cir. 2011). It follows that an injunction should issue where there are "serious questions going to the merits" and where the balance of hardships are sharply in plaintiffs favor, provided that there is a likelihood of irreparable injury and that the injunction is in the public interest. *Id.* at 1132, 1135.

### B. <u>PLAINTIFF IS LIKELY TO SUCCEED ON THE MERIT</u>

#### i. *The Homeowners Bill of Rights applies*

Plaintiff's property is owner-occupied and contains no more than four dwelling units. NATIONSTAR claims the California Homeowners Bill of Rights do now apply in Plaintiff's case, because she did not plead that the property at issue is an owner-occupied residence containing no more than four dwelling units. *Cal. Civ. Code* §2924.15. NATIONSTAR'S document in support of its opposition to preliminary injunction includes the Notice of Default recorded against the property at issue, otherwise known as 1430 Sheryl Lane, National City, CA 91950-3736 (hereafter "the Property") (*See* Defendant's Request for Judicial Notice, Dkt. 13, Exh. 5, page 3). The Notice of Default itself states in the last paragraph that "owner occupied residential real property containing no more than four dwelling units." In addition, the property address itself does not refer to additional units but to a single property dwelling. In addition, the FAC is clear that "Plaintiff resides in the Property" and, although she does care for dependent adults, considers her property a residential dwelling where (*See* FAC, ¶20). Accordingly, the California Homeowner's Bill of Rights is clearly applicable to Plaintiff's first and second causes of action, and Plaintiff is likely to succeed on the merits.

**ii. Plaintiff clearly asked for a single point of contact**

The FAC is clear that Plaintiff requested a single point of contact under California Civil Code §2923.7. Plaintiff states in the FAC that "NATIONSTAR NEVER provided a single point of contact despite Ms. Legaspi's request to NATIONSTAR that they do so" (*See FAC*, ¶36). Accordingly, Plaintiff is likely to succeed on the merits of her 1st Cause of Action.

**iii. Plaintiff's Complaint's statement that NATIONSTAR told her that her loan modification was complete "on or around early to mid-November" was a scrivener's error.**

Plaintiff's counsel made a scrivener's error in the Complaint when stating that NATIONSTAR informed Plaintiff "on or around early to mid-November" that her loan

modification was complete and a trustee sale would be postponed (*See* Wilson Decl., ¶8). Several paragraphs later, the Complaint states that NATIONSTAR's representative informed Plaintiff that her loan modification application was complete "over three weeks prior" (*See* Complaint, ¶34). In addition, the Complaint was filed on November 7, 2013, which further shows that this correction in the FAC was clearly a scrivener's error. Accordingly, Plaintiff's 1st and 2nd causes of action under the Homeowner's Bill of Rights is likely to succeed on the merits.

**iv. Plaintiff's 3rd and 4th causes of action for fraud are specific enough to give Defendants notice of the particular conduct.**

NATIONSTAR's representative is identified ("Lori Ledford") and her misrepresentation is as well (*See* FAC, ¶31). Accordingly, Plaintiff is likely to succeed on the merits of her intentional and negligent misrepresentation causes of action.

## CONCLUSION

Base on the foregoing, Plaintiff is likely to succeed on the merits of her claims, and the likelihood of irreparable harm to Plaintiff is enormous should the Court not grant a preliminary injunction. Here, the balance of the hardships is clearly in Plaintiff's favor. Plaintiff could lose her home and livelihood unless the Court grants her protections. In addition, Plaintiff respectfully requests that Plaintiff not be required to post a bond, as she is obviously financially destitute at this time. If a bond is ordered, Plaintiff respectfully requests that the bond be limited to $2,500.

DATE: 2/6/14

BY: /S/ *Mark Allen Wilson*
MARK ALLEN WILSON, ESQ.
Attorney for Plaintiff,
VICTORIA S. LEGASPI

I, MARK ALLEN WILSON, declare:

1. I have personal knowledge of the following facts and if called to testify, I would and could testify competently thereto.

2. I am an attorney at law duly licensed to practice before all courts in the State of California. I am an associate attorney at the Law Offices of Michael Spilger, attorneys of record for Plaintiff, VICTORIA S. LEGASPI ("Plaintiff"). I am familiar with the proceedings in the above-entitled action.

3. I had previously read the Court's Local Rules, particularly Civil Local Rule 83.3.h.2, prior to filing this ex parte application for TRO and request for preliminary injunction hearing but had no intention to disrespect this Court or gain an unfair advantage for my client over Defendant NATIONSTAR MORTGAGE LLC (hereafter "NATIONSTAR"). I am not familiar with District Court procedures regarding ex parte hearings that are not stated in the Civil Local Rules, so I contacted Chambers in an attempt to schedule an ex parte hearing but was told to file the TRO documents first. I understood, perhaps erroneously, that my filing the ex parte application electronically would put opposing counsel on notice of the ex parte application, and both opposing counsel and I would be informed of an ex parte hearing date and time. I did not believe that a TRO would be granted prior to a noticed ex parte hearing before the Court. Accordingly, my ex parte application and declaration does not contain a statement that opposing counsel was provided notice prior to my filing.

4. Over a month ago, opposing counsel informed me that my original draft settlement agreement needed to include Plaintiff's ex-husband, Tony Legaspi, and I immediately acted to draft a new settlement agreement that included Mr. Legaspi, his mutual release of liability, and his signature and forwarded that new draft settlement agreement to opposing counsel.

5. On December 12, 2013, I drafted an initial draft settlement agreement per agreement with NATIONSTAR's counsel and forwarded the agreement to him via email.

6. On December 19, 2013, I sent an additional email to NATIONSTAR's counsel seeking a response to the initial draft settlement agreement. NATIONSTAR's counsel responded that same day with a concern that Plaintiff's ex-husband, Tony Legaspi, was also a party to the promissory

note and should be added to the settlement agreement.

7. On December 23, 2013, I emailed NATIONSTAR's counsel with an attached draft settlement containing Mr. Legaspi as an "interested third party," a term which mutually released each party to the settlement agreement from any and all claims and causes of action arising from or relating to this litigation, a date and signature line for Mr. Legaspi, *and* Mr. Legaspi's signature. I have yet to receive any comments or red-lined return draft from NATIONSTAR's counsel since then.

8. I drafted the initial Complaint and made a clear scrivener's error when stating that Plaintiff's loan modification application was complete "early to mid-November 2013" (*See* Complaint, Dkt. 1-1, ¶31). Defendant's claim that ¶28 also referenced this statement is plain wrong. I had intended to write early to mid-October 2103 in ¶31 and drafted that change accordingly in the First Amended Complaint (hereafter "FAC").

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct and was executed on February 6, 2014, at San Diego, California.

/S/ *Mark Allen Wilson*

MARK ALLEN WILSON, ESQ.
Attorney for Plaintiff,
VICTORIA S. LEGASPI